UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CODY ALEKSANDER MILLER<br><br>Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC.<br><br>Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Cody Aleksander Miller, against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

## PARTIES

2. Plaintiff Cody Aleksander Miller is an adult individual residing in the State of Kansas.

3. Defendant LexisNexis Risk Solutions Inc., ("LexisNexis"), is a consumer reporting agency which regularly conducts business in the Northern District of Georgia and has a principal place of business located at 1000 Alderman, Alpharetta, GA 30005.

## JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's driving records, automobile insurance and claims history to third parties ("inaccurate information") from at least August 2024 through present.

7. The inaccurate information includes, but is not limited to, the reporting of driving records, automobile insurance claims, automobile accidents and personal identifying information.

8. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's driving records and automobile insurance and claims history, Plaintiff's financial responsibility as a consumer and Plaintiff's worthiness for automobile insurance coverage and competitive automobile insurance rates.

9. The inaccurate information belongs to another consumer and not to Plaintiff. The inaccurate information belongs to another individual, who has a similar name to Plaintiff, but lives in a different state.

10. Due to Defendant's faulty procedures, Defendant mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

11. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated to various persons and insurance agents, both known and unknown, from at least August 2024 through the present.

12. Plaintiff's consumer reports have been obtained from Defendant by such third parties from at least August 2024 through the present.

13. Plaintiff has disputed the inaccurate information with Defendant by following the procedures for disputing the consumer credit information.

14. Plaintiff has disputed the inaccurate information with Defendant from August 2024 through the present.

15. Notwithstanding Plaintiff's efforts, Defendant has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continues to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors. Defendant has repeatedly published and disseminated consumer reports to such third parties from at least August 2024 through the present.

16. Despite Plaintiff's efforts, Defendant has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any court records, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

17. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to report on the results of its reinvestigations to all credit reporting agencies, has failed to properly note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

18. Plaintiff attempted to obtain his consumer disclosure from Defendant from at least January 2025 to the present.

19. Further, Plaintiff made online requests to Defendant for his consumer disclosure so that he could determine whether it reflected his credit, insurance, and driving history and his personal identifying information accurately.

20. Specifically, Plaintiff attempted to access his consumer disclosure from Defendant via online request in January 2025.

21. When used in connection with information on any consumer the FCRA uses the term "file" to means "all of the information on that consumer recorded and retained by a consumer reporting agency *regardless of how the information is stored*." *See* 15 U.S.C. § 168la(g) (emphasis added).

22. File" "denotes all information . . . that *might* be furnished, or *has been* furnished, in a consumer report on that consumer." *Cortez*, 617 F.3d at 711-12 (*citing Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007)) (emphasis added).

23. CRAs may not attempt to circumvent their duties to disclose imposed by the FCRA by way of corporate or technological chicanery. 15 U.S.C. § 1681x; *see also Cortez*, 617 F.3d at 711 ("We do not believe that Congress intended to allow credit reporting companies to escape the disclosure requirement in § 1681a(g) by simply contracting with a third party to store and maintain information that would otherwise clearly be part of the consumer's file and is included in a credit report.").

24. Examples of such prohibited attempts include:

*Circumvention through reorganization by data type.* XYZ Inc. is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It restructures its operations so that public record information is assembled and maintained only by its corporate affiliate, ABC Inc. XYZ continues operating as a consumer reporting agency but ceases to comply with the FCRA obligations of a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis, asserting

that it no longer meets the definition found in FCRA section 603(p), because it no longer maintains public record information. XYZ's conduct is a circumvention or evasion of treatment as a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis, and thus violates this section.

*Circumvention by a newly formed entity.* Smith Co. is a new entrant in the marketplace for consumer reports that bear on a consumer's credit worthiness, standing and capacity. Smith Co. organizes itself into two affiliated companies: Smith Credit Co. and Smith Public Records Co. Smith Credit Co. assembles and maintains credit account information from persons who furnish that information regularly and in the ordinary course of business on consumers residing nationwide. Smith Public Records Co. assembles and maintains public record information on consumers nationwide. Neither Smith Co. nor its affiliated organizations comply with FCRA obligations of consumer reporting agencies that compile and maintain files on consumers on a nationwide basis. Smith Co.'s conduct is a circumvention or evasion of treatment as a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis, and thus violates this section.

25. Further, CRAs must "clearly and accurately disclose to the consumer" who requests his or her credit file "the sources" that supplied any "information" to the CRA about that consumer. 15 U.S.C. § 1681g(a)(2).

26. Disclosure of the true source of a CRA's information is vital to correcting errors and to informing consumers about who is furnishing important credit information about them.

27. In response to Plaintiff's requests for a consumer disclosure, Defendant failed to comply with its obligations under 15 U.S.C. § 1681g to provide Plaintiff with "all information in [Plaintiff's] file at the time of the request" and instead, provided Plaintiff with only a portion of his file. *See e.g. McIntyre v. TransUnion*

*LLC et al*, 2020 WL 1150443 (E.D. Pa. Mar. 5, 2020) (Surrick, J.) (holding that this same defendant's obligations to provide a disclosure to an individual extended to information held by its subsidiary).

28. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of, but not limited to, automobile insurance rate increases, defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

29. The causal and/or substantial factor for this high insurance rate increase was the inaccurate information that appears on Plaintiff's consumer reports.

30. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

31. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT 1 – VIOLATIONS OF THE FCRA
### (PLAINTIFF V. LEXISNEXIS)

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. At all times pertinent hereto, LexisNexis was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

34. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

35. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

36. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b), 1681g and 1681i.

37. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along

with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

38. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive damages;

    (d)    Costs and reasonable attorney's fees; and

    (e)    Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Jeffrey Sand*
Jeffrey Sand
Andrew Weiner
**WEINER & SAND LLC**
6065 Roswell Road, Suite 700-121
Sandy Springs, GA 30328
Tel: (404) 205-5029
Fax: (866) 800-1482
js@wsjustice.com
aw@wsjustice.com

                              Siobhán E. McGreal, Esquire
                              **FRANCIS MAILMAN SOUMILAS P.C.**
                              1600 Market Street, Suite 2510
                              Philadelphia, PA 19103
                              Tel: (215) 735-8600
                              Fax: (215) 940-8000
                              smcgreal@consumerlawfirm.com

                              *\* Application for Admission*
                               *Pro hac vice forthcoming*

                              ***Attorneys for Plaintiff***

Dated: August 1, 2025